IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-110-KAC-JEM |
| MICHAEL SHELDON ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael Robinson's Motion to Continue Trial [Doc. 14], filed on January 29, 2024.

Defendant Robinson asks the Court to continue the trial set for February 20, 2024. In support of his motion he states that "[c]ounsel has been involved in a good faith effort to resolve Mr. Robinson's case, but despite due diligence, additional time will be required to resolve certain issues in order to facilitate a fair and reasonable potential plea agreement" [Doc. 14 p. 1]. He also asserts in his motion that "[g]ranting a continuance in this case will permit the parties a final opportunity to make a full resolution of this legal matter against Mr. Robinson; it will serve the ends of justice in that the need for additional time to fairly and reasonably resolve the case outweighs the best interests of the public and the defendant in a speedy trial" [*Id.*]. Finally, Defendant's motion reflects that counsel for the Government does not object to the requested continuance.

Based upon the information provided by Defendant Robinson in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a

continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, considering the information presented in Defendant Robinson's motion, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. All of this cannot be done by the February 20, 2024 trial date.

The Court therefore **GRANTS** Michael Robinson's Motion to Continue Trial [**Doc. 14**]. The trial of this case is reset to **May 14, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 29, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Michael Robinson's Motion to Continue Trial [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 14, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 29, 2024**, and the new trial date of **May 14, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 12, 2024**;

(5) the deadline for filing motions *in limine* is **April 29, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 30, 2024, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 3, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge